## ELIZABETH BOSEL v. WILHELM BARGE.[1]

June 11, 1909.

Nos. 16,147—(163).

Action in the district court for Sibley county to recover $100 alleged to be due upon the sale by plaintiff of her interest in her father's estate. The case was tried before Morrison, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*W. H. Leeman*, for appellant.

*F. C. Irwin*, for respondent.

PER CURIAM.

The father of plaintiff and respondent and of her brother, defendant and appellant, died. He bequeathed his real estate to defendant and "all [his] household furniture, money, notes and other securities for money" equally to plaintiff and his son August, who is not a party to this litigation, "provided that [his] son William shall have no right of possession or control of [his] above described lands until the death of beloved wife." Plaintiff brought this action to recover

[1]Reported in 121 N. W. 1133.

$100 from defendant on allegations that she had sold and released to defendant "all her interest in and share of the personal property" and all her interest in the estate of deceased, in consideration of the payment to her by defendant of $50 at the time of making the agreement and $100 more to be paid after the death of the mother. The defendant denied that he had made such promise, but admitted that he paid her $50. The case was tried by the court without a jury. The court found for plaintiff. This appeal is taken from the order denying defendant's motion for a new trial.

The case presents nothing but controversies of fact. The evidence is sufficient to sustain the finding of the trial court, within the familiar rule on that subject.

A receipt was introduced, signed by plaintiff, which read: "Received from Wilhelm Barge [defendant] $50 as heritage from my father." There was sufficient evidence as to the claim to pay the additional $100. It is urged that plaintiff had no interest in her father's property to sell and dispose of, and that, as defendant received no property or value by reason of the alleged promise, then he received no consideration from the plaintiff. Even the corrected findings of the trial court in connection with the personal property are assailed by defendant. There is, however, sufficient evidence to sustain them.

In view of the reference in the will to money, notes, and other security for money, it is significant that no inventory was filed by defendant, who qualified as executor. At the time the agreement was made defendant agreed to pay $150 for an assignment of plaintiff's interest under the will. He took his chances as to its value. That it had some value the record demonstrates. It was not incumbent upon the plaintiff to show that such value was so great as to make the bargain profitable or reasonable for the defendant. We have examined the other assignments of error, and find them to be without merit.

Affirmed.